HARVEY MURDOCK, Respondent, v. HOWARD GOULD, Appellant.

1. CHARGE TO JURY — EXCEPTION. The rule reiterated that, to entitle a party to the review of alleged error in a charge, a separate exception must be taken to each specific charge.

2. CONTRACTS — EVIDENCE — WHEN ADMISSIBLE TO EXPLAIN AMBIGU- ITY. Parol evidence is competent to explain an ambiguity in a contract when it does not import into it an extraneous element which varies its terms; when so used it is not regarded as an exception to the general rule, since it is not used to contradict or vary the written instrument. But such evidence is not admissible when not strictly germane to the subject, nor when it can be regarded as an interpolation into the con- tract which goes beyond the point of explanation; nor is it ever com- petent to show a different intention from that expressed in the instrument.

*Murdock* v. *Gould,* 120 App. Div. 888, modified.

(Argued October 12, 1908; decided November 10, 1908.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered June 26, 1907, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The plaintiff, a practical builder, brought this action to recover of the defendant for services rendered in building and superintending the erection of a stable, power house, and equipment. There is no dispute as to the fact that this was done pursuant to a written contract between the parties, but the plaintiff was permitted to introduce oral testimony as to the meaning of the contract in certain particulars as to which

24

it was said to be ambiguous. The defendant objected to the introduction of any oral testimony, (1) upon the ground that there was no ambiguity in the contract, and (2) that as to the power house, which had not been built when the action was commenced, the contract contained no description which was definite and certain enough to furnish a basis for proof of plaintiff's loss in not being permitted to build it.

The jury awarded the plaintiff a verdict of $65,000. Upon appeal to the Appellate Division, the judgment entered upon the verdict was unanimously affirmed, and the defendant has appealed to this court upon the exceptions taken to the rulings of the trial court in overruling the objections above referred to.

So much of the contract as is material to the present controversy reads as follows: " The party of the second part (plaintiff) * * * doth hereby covenant, promise and agree to and with the party of the first part (defendant) that he, the said party of the second part, shall and will for the consideration hereinafter mentioned, as fast as the reasonable progress of the work will allow, well and sufficiently erect and finish the stable and power house at Sands Point, Long Island, agreeably to the drawings and specifications made by a party to be selected by the party of the first part as architect, with such modifications thereof as may be made by the said party of the first part, within the time aforesaid, in a good workmanlike and substantial manner, to the satisfaction and under the direction of the said Architect, and also shall and will find and provide such good, proper and sufficient materials of all kinds whatsoever, as shall be proper and sufficient for the completion and finishing all the mason, carpenter, plumbing, heating, and other works of the said building mentioned in the various specifications, for such sum of money as the same shall actually cost the said party of the second part net, together with an additional sum or commission equal to ten per cent, of said cost, exclusive of the architect's fees, which commission is to cover and include all services, profits and compensation of the said party of the second part of every description arising from said building."

The plaintiff, as stated, recovered $65,000. The amount demanded in the complaint is $115,000. The plaintiff's evidence tended to establish various items which amounted in all to $102,040.70. These items may be divided into three groups as follows :

(1) Total amount due on stable on the basis of
       10% of cost......, ...................   $47,992 37
       Iron work on stable uncompleted..........    4,000 00
       Interest on stable commissions............    3,842 87
                                                   _____
                                                   $55,835 24
                                                   ===========

(As to the first of the foregoing three items there is no dispute.)

(2) Commissions on power house.. ...........   $8,886 30
       Commissions on equipment inside power
         house...............................    6,000 00
       Interest on commissions on power house and
         inside equipment.....................    2,019 16
                                                   _____
                                                   $16,905 46
                                                   ===========

(3) Commissions on equipment in Castle Gould
       for heating and ventilating............   $12,000 00
       Commissions on steam pipes and fittings...    3,000 00
       Commissions on cost of subways........ .    3,600 00
       Commissions on cost of greenhouse equip-
         ment.................................    2,200 00
       Commissions on electrical equipment inside
         power house..........................    3,500 00
       Commissions on electrical fittings in con-
         duits................................    1,500 00
       Commissions on electrical fittings of the
         castle...............................    3,500 00
                                                   _____
                                                   $29,300 00
                                                   ===========

*Recapitulation:*

| | |
|---|---|
| (1).......... ........................ | $55,835 24 |
| (2). ..............,.................. ....... | 16,905 46 |
| (3)................................... | 29,300 00 |
| Total............................... | $102,040 70 |

It is a conceded fact in this case that the plaintiff has been paid to apply upon whatever may be due to him, the sum of $12,528.77.

*Courtland V. Anable, De Lancey Nicoll* and *Archibald R. Watson* for appellant. The contract, so far as it applied ·to the power house, was not ambiguous with respect to the question whether it included the building only, or the building and the equipment and other matters claimed by the plaintiff to have been included, but was certain and definite in that it provided for the construction of the building only, and, therefore, the trial judge erred in admitting evidence to show that the parties intended anything beyond that to be included. (*Jackson* v. *Sill,* 11 Johns. 201; *Armstrong* v. *Du Bois,* 90 N. Y. 95; *Dwight* v. *G. L. Ins. Co.,* 103 N. Y. 341; *Humphries* v. *N. Y., L. E. & W. R. R. Co.,* 121 N. Y. 435; *Muldoon* v. *Deline,* 135 N. Y. 150; *Gray* v. *Shepard,* 147 N. Y. 177; *Uihlein* v. *Matthews,* 172 N. Y. 154; *Dady* v. *O'Rourke,* 172 N. Y. 447; *Williams* v. *Gridley,* 110 App. Div. 525; *Bast* v. *Bank,* 101 U. S. 93.) As the contract was not ambiguous with respect to the question whether it included the equipment or anything other than the power house building, the court should have construed the contract in this respect as contended for by defendant, and it was error to submit its construction to the jury. (*Groat* v. *Gile,* 51 N. Y. 431; *Glacius* v. *Black,* 67 N. Y. 563; *A. F. Ins. Co.* v. *Austin,* 69 N. Y. 470; *Brady* v. *Cassidy,* 104 N. Y. 147; *Wyllie* v. *Palmer,* 137 N. Y. 248.) The trial judge erred in receiving evidence as to the character of the power house claimed by plaintiff to have been intended by the parties, and as to the probable cost of such a structure,

and in permitting the jury to estimate thereon the plaintiff's
damages by reason of his not being permitted to construct the
building, because the contract was so uncertain and indefinite
in this respect as to furnish no basis for the computation of
plaintiff's alleged damages. (*Rodgers* v. *Clement*, 162 N. Y.
422 ; *Abeel* v. *Radcliffe*, 13 Johns. 297 ; *W. T. Co.* v. *Lansing*
49 N. Y. 499 ; *Weir* v. *Barker*, 104 App. Div. 112 ; *Sour-
wine* v. *Truscott*, 17 Hun, 432 ; *Steinhardt* v. *Buel*, 1 Misc.
Rep. 295 ; *Lloyd* v. *Worrell*, 37 How. Pr. 75 ; *Howe* v.
*Larkin*, 119 Fed. Rep. 1005 ; *Lighthouse* v. *T. Nat. Bank*,
162 N. Y. 336.)

*Frederic R. Kellogg* for respondent. Where the language
of a contract is not free from ambiguity, the interpretation of
the contract is a mixed question of law and fact for the jury
under instructions from the court. (*Kenyon* v. *Association*,
122 N. Y. 254 ; *Stokes* v. *Mackay*, 140 N. Y. 649 ; *Camp* v.
*Treanor*, 143 N. Y. 650 ; *Trustees of East Hampton* v. *Vail*,
151 N. Y. 470.) In all such cases where an ambiguity exists,
and where the interpretation is a mixed question of law and
fact, it is always permissible to introduce evidence of the
circumstances attending the execution of the contract and of
the acts and declarations of the parties to it for the purpose
of showing the real intention of the parties and the real mean-
ing of the ambiguous phrase. ( *White's Bank* v. *Myles*, 73
N. Y. 339 ; *Curtis* v. *Howell*, 39 N. Y. 214 ; *Field* v. *Mun-
son*, 47 N. Y. 224 ; *Griffiths* v. *Hardenberg*, 41 N. Y. 464 ;
*Knapp* v. *Warner*, 57 N. Y. 668 ; *Coleman* v. *M. B. Co.*,
94 N. Y. 232 ; *U. T. Co.* v. *Whiton*, 97 N. Y. 178 ; *Smith*
v. *Kerr*, 108 N. Y. 31 ; *Woolsey* v. *Funke*, 121 N. Y. 88 ;
*Kenyon* v. *Association*, 122 N. Y. 258 ; *Nicoll* v. *Sands*, 131
N. Y. 24 ; *Farr* v. *Nichols*, 132 N. Y. 327 ; *Emmet* v.
*Penoyer*, 151 N. Y. 567.)

WERNER, J. The only questions which, in view of the
unanimous affirmance below, are directly open to review in
this court, are such as arise upon rulings relating to the

admission of parol evidence concerning the subject-matter of the written contract, upon which the plaintiff bases his right to recover; and upon the charge of the trial court as to the plaintiff's right to recover interest. The defendant's criticism of the court's charge may at once be eliminated from the discussion, since no proper exception was taken. The record discloses that after the plaintiff's counsel had submitted five requests to charge, which were charged, and among them one to the effect that the plaintiff was entitled to recover interest upon all sums which might be awarded to him upon his contract, the defendant's counsel took an exception "to the charging of all the requests presented by the plaintiff." This was not sufficient An exception should have been taken to each specific charge. (*Newall* v. *Bartlett*, 114 N. Y. 399, 405; *Huerzeler* v. *Central C. T. R. R. Co.*, 139 id. 490.)

Many exceptions were taken by the defendant to the rulings of the trial court, under which the plaintiff was permitted to give parol evidence as to the character and extent of the work which, according to the claim of the plaintiff, is comprehended by the general terms of the written contract. As these exceptions all raise substantially the same question, we shall not refer to them in detail except as we may later have occasion to do so in analyzing the various items of plaintiff's claim. It is enough for present purposes to say that the plaintiff asserted, and was accorded, the right to give parol evidence as to every one of the unconceded items of his claim, upon the theory that there were ambiguities in the written contract which it was permissible to explain by parol testimony. The defendant, on the other hand, contended that the contract was not ambiguous in any respect, although it might possibly be regarded as so indefinite and uncertain with respect to the kind of power house that may have been in the mind of the defendant when the contract was made, as to furnish the plaintiff with no basis whatever for his claim to damages. The trial court accepted the plaintiff's view of the contract and received parol evidence of all the items comprising his total claim.

A short statement of the law applicable to this case will

enable us to discuss more specifically the various items which are the subject of this controversy. Like many rules of law which are in reality well settled, that which relates to the admissibility of parol evidence to explain ambiguous written contracts has given rise to conflicts of opinion which, super-ficially considered, seem to leave the law in a state of uncer-tainty, but which upon closer analysis turn out to be differences among judges as to the application of a well-settled rule of law to a given state of facts. With reference to the particular subject under discussion, we think it may very safely be asserted that a great majority of the decisions support the rule that for the purpose of applying the terms of a contract to its subject and removing any ambiguity which arises from such application, it is permissible to show by the declarations of the parties before or at the time of the contract or afterwards, .what was meant by its terms. The difficulty of correctly applying this very simple rule is forcibly illustrated by the large number of decisions cited in the briefs of counsel, show-ing the infinite variety of circumstance and condition to which it must be adjusted. No simpler or more workable statement of the rule has found its way into the books than that enun-ciated by Judge VANN in *Thomas* v. *Scutt* (127 N. Y. 141), where he says: "Evidence to explain an ambiguity, establish a custom, or show the meaning of technical terms and the like is not regarded as an exception to the general rule because it does not contradict or vary the written instrument, but simply places the court in the position of the parties when they made the contract and enables it to appreciate the force of the words they used in reducing it to writing. It is received where doubt arises upon the face of the instrument as to its meaning, not to enable the court to hear what the parties said, but to enable it to understand what they wrote as they understood it at the time." This means that "parol evidence can neither add to nor take from a contract" (*Trustees of Southampton* v. *Jessup*, 173 N. Y. 84), and that a party may not under the guise of explaining an ambiguity introduce "parol evidence of the language of the parties con-

tradicting, varying or adding to that which is contained in the written instrument or parol evidence of prior or contemporaneous declarations showing a different intention from that expressed in the instrument." (*White's Bank of Buffalo* v. *Myles*, 73 N. Y. 340.) With these statements of the rule before us it becomes apparent that some of the evidence admitted over the objection of the defendant went so far beyond the explanation of ambiguities in the contract as to inject into the controversy some matters which are not reposed in the writing.

1. The first three items covering commissions on cost of stable, unfinished iron work on stable and interest on these commissions need not be discussed, for they are practically conceded. Upon these the plaintiff was clearly entitled to recover, and he could have insisted upon the direction of a verdict in his favor if nothing else had been involved.

2. As to the fourth and fifth items relating to commissions on power house and its equipment a different situation is presented. A power house is mentioned in the contract, but as it had not been built when this action was brought, the question arises whether it is described in the contract with such certainty as to forbid resort to parol testimony. We think not. The language of the contract was equivocal in that it failed to state with certainty whether the stable and power house were to be united in one building or whether they were to be separate structures. There was no such definite description of a separate power house as to enable the court, without the aid of parol testimony, to say what kind of a power house was intended. Evidence was, therefore, admissible to show that the plaintiff had seen and considered plans of a proposed power house from which he could compute its character and probable cost. We entertain no doubt that to the extent that the parol evidence related to the power house as distinguished from its equipment, it tended to explain an ambiguity in the contract rather than to import into it an extraneous element which might be said to vary its terms.

As to the evidence relating to the power house equipment, we are not so clear. A power house without equipment is, of

course, incomplete and nothing but the installation of a power equipment can make it complete. But that is quite beside the question. One man, who proposes to have a power house upon his premises, may decide to have the building erected by one contractor and to have the equipment furnished by another. A second man accomplishes the same purpose by intrusting both commissions to a single contractor. In the contract before us there is no reference to the equipment of the power house, except the suggestion that the plaintiff was to furnish the labor and materials for heating. There is parol evidence tending to show that the same boiler was to be used for both heating and power, and it is doubtless true that the same plant was to serve both purposes. The difficulty lies in the fact that there is in the contract no mention of the subject of power equipment, and parol testimony is, therefore, not competent, for its effect may be not merely to remove an ambiguity, but to import into the contract something that the parties did not put there.

3. All the other items are either so doubtful, or so clearly outside of any fair interpretation of the contract, that they cannot be allowed to stand unless we are ready to hold that under the pretext of explaining an ambiguity in a written contract, parol evidence of any extraneous matter may be given, even though it is not strictly germane to the subject-matter, or is altogether foreign thereto. It is conceivable, of course, that the parties may have intended that plaintiff should build for the defendant not only a stable and power house, but a greenhouse, subways, electrical and ventilating apparatus for the house, with such steam and electrical fittings and attachments. as to connect them all into one system, but that is not the question before us. The question is whether any of those matters are referred to in the contract, but so imperfectly as to need outside explanation before they can be understood. Measured by that standard all the items relating to commissions on the heating, ventilating and electrical equipment of Castle Gould ; for pipes and steam fitting ; for cost of subways ; for greenhouse equipment ; and for elec-

trical equipment in power house must be regarded as attempted interpolations into the contract, which are inadmissible because they go beyond the point of explanation.

The judgment herein must, therefore, be reversed and a new trial granted, with costs to abide the event, unless the plaintiff within twenty days consents in writing that the judgment be reduced to the sum of $52,192.77, and if such consent is given, then the judgment is affirmed, without costs to either party upon this appeal.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WILLARD BARTLETT and HISCOCK, JJ., concur.

Judgment accordingly.