THOMAS S. LOSSING, Respondent, *v.* JOSEPH W. CUSHMAN, Appellant.

Evidence — erroneous admission of parol evidence to modify building contract in writing.

Where a written contract is without ambiguity, clear and complete on its face, with no doubt as to the meaning of any word, no evidence that any term is technical or local, nothing to open the door to proof of extrinsic facts, no effort at reformation either by the pleadings or proof, and the rulings, admitting statements of what was said between the parties before the contract was signed, are not covered by any exception to the general principle of exclusion, parol evidence cannot be received to vary or contradict its terms.

Where plans and specifications, which were part of a written contract, provided for a cellar of a certain size, the admission of parol evidence that it was agreed by the parties thereto before the writings were signed that the cellar was not to be of the size specified therein, but of a much smaller size, constitutes reversible error.

*Lossing* v. *Cushman*, 123 App. Div. 693, reversed.

(Argued April 2, 1909; decided June 1, 1909.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 16, 1908, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The plaintiff alleged in his complaint that between June 1st and September 10th, 1905, he performed work, labor and services for the defendant and furnished materials to him at his request, in building a tenement house and an addition to an old house on the farm of the latter in Bedford, New York, and that said work and materials were reasonably worth the sum of $4,060.07, no part of which had been paid except the sum of $1,860.

After a general denial, the defendant pleaded as a counterclaim that in July, 1905, the parties entered into a written contract whereby the plaintiff agreed to do the work and furnish the materials for the erection of the buildings in question according to certain plans and specifications for the sum of

$3,500 ; that the contract was to be completed by September 1st, 1905, and that time should be regarded as of the essence of the contract; that in case the plaintiff failed to perform as he agreed and to erect the buildings by the time specified, the defendant should be at liberty upon a notice of three days to terminate the contract and complete the buildings at the expense of the plaintiff; that the plaintiff did so fail and the defendant thereupon duly terminated the contract and completed the work at a cost largely in excess of the contract price.

The plaintiff, replying, alleged that the delay in performance was owing to changes directed by the defendant, who refused to allow him to complete the work and took possession of his tools and materials, although he was at all times ready to go on and perform.

The referee before whom the action was tried found the making of the contract as alleged in the answer; that the plaintiff did not perform it either within the time specified or at all and that the defendant terminated it. He also found that owing to changes directed by the defendant the plaintiff was delayed in performance and, specifically, "that the alterations which the defendant directed the plaintiff to make required some additional time, at least five weeks, and the defendant was too hasty in discharging the said plaintiff and his men and in taking possession of the tools, materials and the said premises." He further found that the work done and materials furnished by the plaintiff were reasonably worth the sum of $3,338; that the amount paid was $1,860, and judgment was directed for the difference of $1,478.

From the judgment of the Appellate Division affirming that entered upon the report of the referee, one of the justices not voting, the defendant appealed to this court.

*Charles Haines* and *Edward R. Greene* for appellant. An error of law was committed by the referee in admitting parol evidence to vary the terms of the written contract in respect to the word "cellar" used in such contract. (*Long* v. *N. Y.*

*C. R. R. Co.*, 50 N. Y. 76; *Belger* v. *Dinsmore*, 51 N. Y. 166; *Thomas* v. *Scutt*, 127 N. Y. 141; *Hinckley* v. *N. Y. C. & H. R. R. R. Co.*, 56 N. Y. 432.)

*Walter Farrington* and *George Card* for respondent. The admission of the evidence as to what was said between the parties when the estimate was made and the contract executed about what the cellar under the new part was to be was not error. (*Dana* v. *Fiedler*, 12 N. Y. 40; *Blossom* v. *Griffin*, 13 N. Y. 575; *Thomas* v. *Scutt*, 127 N. Y. 141; *House* v. *Walch*, 144 N. Y. 418; *Haddock* v. *Wood*, 46 Iowa, 433; *Greenleaf* v. *Kilton*, 11 N. H. 531; *B. Q. Co.* v. *Clements*, 38 Ohio St. 587; *Pilmer* v. *D. M. S. Bank*, 16 Iowa, 321.)

VANN, J. The main issue in this action was whether the defendant was authorized to terminate the contract, take possession of the work and finish it at the expense of the plaintiff. The question controlling that issue was whether the conceded delay was justified by the changes alleged to have been directed by the defendant. That question in turn depended upon the ultimate question whether the contract required that a cellar should be excavated under the entire building or under only a small part thereof.

The plaintiff, in order to sustain his theory, was allowed to show by parol testimony that before the contract was signed it was agreed between the parties that the cellar was to be only eight feet by twelve. This evidence was objected to in due time upon the ground that the prior conversation was embodied in the plans, specifications and written evidence, but the objection was overruled and the defendant excepted.

The specifications contained the following: " Old house to be built out 27 feet toward stable, following same lines as in present house. New part to have cellar with no less than 7 feet head room. * * * Price includes construction of new tenant house, with cellar containing seven rooms, to be properly finished inside and out, including painting." Neither the contract proper nor the specifications contain anything further upon the subject of a cellar under either part.

The new part was to be twenty-seven feet by thirty and the plan shows six rooms on the ground floor, one of which, marked " New Dining Room," had written beneath those words, " Cellar 7 feet under this, 8x12." The conflict in the evidence as to whether this was written upon the plan without the knowledge or consent of the defendant was settled by the referee in favor of the plaintiff. According to the scale the size of the new dining room was about fourteen by eighteen feet. Upon the diagram of another room on the plan of said floor marked " New Kitchen" there was written beneath those words, " No cellar." The plans contain nothing else relating to the cellar, and hence the specifications controlled as to a cellar under the other rooms. The plaintiff claims that, as according to the parol testimony the entire cellar was to be only eight feet by twelve, the excavation to the additional extent required by the defendant was extra work, which excused non-performance of the contract within the time specified, made the discharge wrongful and permitted a recovery for the value of the work done and materials furnished.

When the referee decided the case he filed an opinion, in which he sought to justify the rulings admitting parol evidence on the ground that there was an ambiguity in the contract as to the meaning of the word " cellar." Even upon this assumption the extrinsic evidence should have been confined to testimony showing the ordinary and accepted meaning of the word as used in building contracts, without including what the parties said before the contract was signed in order to ascertain their meaning. Some evidence was introduced to show what the word " cellar" meant, but it did not tend to give it a meaning varying in the least from its usual signification. That evidence is well summarized in the statement of the leading witness on the subject in these words : " I cannot see as there is any way of misinterpreting the name of ' cellar.' * * * The cellar is the first room of the building between the floor and the first tier of beams, occupying the entire area of the building, the entire ground plan of the building." There was no evidence that a cellar

beneath a building, under any circumstances, means a cellar under only a part of the building. The presumption is that the parties used the word to express what it usually means, or, as one of the witnesses put it, "A cellar means a cellar."

Moreover, the evidence complained of, which the referee says controlled his decision, did not relate to the meaning of the word "cellar," as to which there was no dispute, but to the size of the cellar, assuming that the word was used in its usual sense. Both parties concede that the plans and specifications were part of the contract, yet, notwithstanding the writings provided for a cellar of a certain size, the plaintiff was permitted to show by parol that it was agreed before the writings were signed that the cellar was not to be of the size specified therein, but of a much smaller size. This violated the rule that parol evidence cannot be received to vary the terms of a written contract, which is presumed to express the final agreement of the parties, regardless of what had previously been said upon the subject. (*Thomas* v. *Scutt*, 127 N. Y. 133, 137; *House* v. *Walch*, 144 N. Y. 418, 421; *Murdock* v. *Gould*, 193 N. Y. 369.)

No well-considered case in this state sustains the rulings in question. The evidence objected to did not tend to dispel a doubt by an explanation consistent with the terms of the written contract. It tended to make a new contract. Witnesses were permitted to swear out of the contract something which the parties had written in and to swear into the contract something which the parties had not written in. This, if sustained, would leave no contract safe, and the most prudent person could not erect a barrier against misunderstanding, forgetfulness or perjury.

There is no ambiguity in the contract, which was clear and complete on its face, with no doubt as to the meaning of any word, no evidence that any term was technical or local and nothing to open the door to proof of extrinsic facts to enable the court to understand the words used as the parties understood them when they were written. No effort at reformation was made either by the pleadings or the proof, and the rulings

in question are not covered by any exception to the principle that what was said between the parties before a contract is signed cannot be received to vary or contradict its terms.

The plaintiff insists that even if the testimony relating to the cellar was improperly admitted, still that there is sufficient evidence of other changes and extra work required by the defendant to excuse the delay, but as the referee says that the change relating to the cellar was the " principal change," we do not know what effect he would have given to the minor changes, which apparently were trifling, considered by themselves. So far as the cellar is concerned the parol evidence substantially destroyed the written agreement, and if the precedent is allowed to stand it will tend to undermine a rule of evidence which the experience of generations has shown to be useful and necessary.

The judgment appealed from should be reversed and a new trial granted, with costs to abide the event.

Cullen, Ch. J., Gray, Edward T. Bartlett, Haight, Willard Bartlett and Chase, JJ., concur.

Judgment reversed, etc.