FRED N. VAN PATTEN, Plaintiff, *v.* WELLINGTON W. TABER, . Defendant.

(County Court, Onondaga County, April, 1911.)

Brokers — Compensation — Bargain effected by principal or others.
Consideration — Mutual promises, past consideration and moral and legal obligations — Mutual promises as consideration.
Evidence — Parol evidence — The general rule and its applications — Invalidating written instruments — In general.

Where a written contract under seal appointing plaintiff the exclusive agent of defendant to sell a certain piece of real estate, title to which is recited to be in the name of the defendant, embraces all the particulars necessary to express the whole agreement between the parties, the purpose of the agreement, the description of the property to be sold, the price, the amount of commissions and the mutual promises, the defendant, in an action based thereon, may not show by parol evidence that he was not the owner of the property at the time of the making of the contract and the contract was only to be operative if he became the owner.

The mutual promises of the parties were a sufficient consideration though the contract itself expressed one.

The contract providing that plaintiff should be entitled to the amount of commission named whether the property was sold by himself or another, he is entitled to recover as damages for breach of the contract the agreed commission and it is no defense that defendant has rendered himself unable to perform.

THIS case was commenced in justice's court and brought into this court by appeal for a new trial. Having been brought to trial before the court and a jury, a verdict was directed for the plaintiff, and this is an application to set aside the verdict and for a new trial.

Homer & Waldo Weston, for plaintiff.

Nash, Britcher & Eckel, for defendant.

Ross, J. The plaintiff and defendant entered into a contract of which the following is a copy:

"In consideration of One Dollar ($1.00) to me in hand paid by Fred N. Van Patten I hereby appoint him my exclusive agent with the sole right to sell the following described property, the title of which is in my name. House No. 142 S. Wilbur Street, in ...... N. Y. Lot No. ...... on ...... Street, in ...... N. Y. Price for sale or exchange, $4500.00 for which I agree to pay him a commission of 2% (minimum $50.) on the sum the property is bargained to be sold or exchanged for, by myself or anyone else, any time until the expiration of the withdrawal Sixty days notice in writing must be given for withdrawal of same.

"W. W. TABER. [L. S.]

"I consent to the above this 25th day of June, 1910.

"FRED N. VAN PATTEN.

"Signors.                           By F. P. E.

"Solicitor."

Pursuant to the authority given to the plaintiff under this contract, he advertised the property, and subsequently he was told by the defendant that the place had been sold, and this action is brought by the plaintiff for his commissions under the terms of the contract. The defendant claims that at the time the above contract was entered into he was not the owner of the premises, 142 South Wilbur street; that the premises belonged to a man by the name of Erhard with whom he, Mr. Taber, had a contract, under which Mr. Erhard had the option either to transfer this property to Mr.

Taber or to pay him $3,000 in cash; that he expected to own it and that if he did become the owner he wanted Mr. Van Patten to sell it; that he didn't become the owner and that the contract is therefore inoperative. This evidence was excluded.

The admissibility of the evidence offered is, as it seems to me, one of first impression. There is no contention in regard to the rule ably stated in Stephen's Law of Evidence, article 90, that, when an agreement has been reduced to the form of a document, the contents of such document cannot be contradicted, altered or added to by oral evidence. There are really no exceptions to this rule; but, under the manifold variety of circumstances which may arise, both relating to the contents of the instrument and to the surrounding circumstances, a series of collateral rules has arisen which limit the effect of the mere possession of a written instrument as conclusive evidence of the right of the holder to maintain an action based upon its apparent terms. Thus, it may be shown that an instrument was never in fact delivered as a present contract. Burke v. Dulaney, 153 U. S. 233. Fraud may be shown; also the meaning of technical words, of obsolete expressions, of abbreviations and so on. The only difficulty in this case encountered by the court is to apply the recognized rules to the facts.

The claim of the defendant, as I understand it, is based upon the theory that the facts in this case bring him within the language of Stephen's Law of Evidence, article 90, which reads as follows:   "(3) The existence of any separate oral agreement, constituting a condition precedent to the attaching of any obligation under any such contract, grant or disposition of property" (Reynolds v. Robinson, 110 N. Y. 654; Blewitt v. Booram, 142 id. 357; Niblock v. Sprague, 200 id. 390), and "(2) The existence of any separate oral agreement, as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them."

The trouble with the claim under subdivision 3, above

quoted, that there was a condition precedent to the delivery of this instrument as a valid agreement, is that it is not sustained by the facts. The defendant did not offer to prove that he said to Mr. Van Patten, " the paper that I have signed is not to take effect until I have title to the premises." On the contrary, he signed it, delivered it and apparently expected immediate action on the part of Mr. Van Patten."

The offer of Mr. Taber was to show: " That this contract did not contain the necessary proviso; that Mr. Taber was not the owner at that time and might not become the owner, but in the event he did become the owner he wanted Mr. Van Patten to sell it." This is not the case of a conditional delivery, which is not to become effective until the happening of an uncertain event; but an unqualified delivery of a complete contract. Jamestown B. C. Assn. v. Allen, 172 N. Y. 291. The defendant to fully protect his rights should have inserted the missing proviso. It is quite a different proposition from a delivery conditional that the instrument should not take effect until the happening of an event at that time stated by the defendant as a necessary condition precedent to the validity of the contract.

With reference to the claim of the defendant under subdivision 2, above quoted, that the purpose for which the written contract is made may rest in a collateral oral agreement, if the court infers that the parties did not intend the document to be the complete and final statement of the whole of the transaction between them, it is completely refuted in the opinion of Mr. Judge Vann in the case of Thomas v. Scutt, 127 N. Y. 133, in which he states the essentials required to permit the admission of parol evidence to complete the written agreement as follows: " 1. The writing must not appear upon inspection, to be a complete contract, embracing all the particulars necessary to make a perfect agreement, and designed to express the whole arrangement between the parties, for in such a case it is conclusively presumed to embrace the entire contract. 2. The parol evidence must be consistent with and not contradictory of the written instrument."

Applying these rules to the agreement under considera-

tion, the writing appears to be a complete contract. It embraces all the particulars necessary to express the whole arrangement between the parties, the purpose of the agreement, the description of the property to be sold, the price, the amount of commission and the mutual promises.

The agreement is even more obnoxious to the second rule stated by Mr. Justice Vann. The evidence proposed is inconsistent with and contradictory to the written instrument. Mr. Taber says, in the written agreement, that he has appointed Mr. Van Patten exclusive agent with the sole right to sell property, the title of which is in his name; and the details relating to the amount of commission and the value of the property are stated. He desires to show by parol evidence that he did not appoint Van Patten his agent; that he was not the owner of the property, and that the contract was not to take effect until the happening of some event for which he did not provide, so far as the evidence shows. A more striking example of a contradiction of a written instrument would be hard to imagine. Lossing v. Cushman, 195 N. Y. 386.

A single word in regard to the claim that there was no consideration for the agreement. The instrument was under seal, and a consideration was named in the agreement; but irrespective of these facts the mutual promises constituted a consideration.

I think that the contract fixes the amount of damages in the case of a breach. The contract provides that the plaintiff is entitled to the amount of commission named, whether sold by himself or any one else; and the defendant cannot claim as a defense that he has rendered himself unable to perform. Young v. Hunter, 6 N. Y. 203–207; Leake on Contracts (1st ed., p. 351), in which it is stated: " If a man binds himself to do a certain act which he afterwards renders himself unable to perform he thereby dispenses with the performance of conditions precedent to the act which he has so rendered himself unable to perform."

Motion for a new trial denied, but without costs.

Motion denied.