(162 App. Div. 128)

SMITH v. FINKELSTEIN et al. (No. 5705.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. LANDLORD AND TENANT (§ 39*)—LEASES—CONSTRUCTION.

Plaintiff and defendant owned adjoining buildings, the walls of which were 12 inches thick, while show windows in front of the buildings were separated by a metal partition 2 inches thick. Defendant demised to plaintiff window space in front of its building 6 feet wide. *Held* that, in view of the fact that the parties measured from the division line, plaintiff was not entitled to have the show space measured from the inside edge of defendants' wall, which was removed after the demise, for that would have given him him 7 feet, instead of 6.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 101–103; Dec. Dig. §.39.*]

2. LANDLORD AND TENANT .(§ 39*)—LEASES—CONSTRUCTION.

The construction of a demise of show window space is not affected by the subsequent act of the city in compelling the removal of a portion of the show window projecting over the building line into the street.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 101–103; Dec. Dig. § 39.*]

3. EVIDENCE (§ 461*)—LEASES—CONSTRUCTION.

Where the language in a deed or lease is vague or obscure, the declarations and acts of the parties, as well as the circumstances attendant thereon, may be considered to determine the intent.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2129–2133; Dec. Dig. § 461.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

4. EVIDENCE (§ 241*)—ADMISSIONS OF AGENT.
    In an action involving the construction of a demise of show·window space in defendant's building, which adjoined that of plaintiff, specifications filed by plaintiff's architect, who made connections between the two show windows, are admissible against plaintiff; the architect being his representative.
    [Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 887–892; Dec. Dig. § 241.*]·

5. APPEAL AND ERROR (§ 1051*)—REVIEW—HARMLESS ERROR.
    In a suit to compel specific performance of a demise of show window space, the exclusion of evidence showing that plaintiff was not entitled to more space than he already had is harmless as to defendant, where the evidence as a whole established that fact.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4161–4170; Dec. Dig. § 1051.*]

6. APPEAL AND ERROR (§ 1122*)—DETERMINATION.
    Under Code Civ. Proc. § 1317, authorizing the Appellate Division to reverse or affirm wholly or partly, the Appellate Division may make a finding of fact on which to base a judgment dismissing plaintiff's complaint, although he recovered below.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 4420; Dec. Dig. § 1122.*]

Cross-Appeals from Special Term, New York County.

Action by Robert S. Smith against Max Finkelstein and another. From a judgment for plaintiff, defendants appeal, ·and plaintiff files cross-appeal. Judgment reversed, and complaint dismissed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and DOWLING, JJ.

Carlisle Norwood, of New York City, for plaintiff.
Nathan Burkan, of New York City, for defendants.

McLAUGHLIN, J. Plaintiff and defendants had adjoining stores on the south side of Fourteenth street, between Fifth and Sixth avenues, in the city of New York. On August 1, 1910, defendants leased to plaintiff three lofts in their building, together with a portion of their show window space on the· ground floor, for a term of 12 years, 8 months and 28 days, from the 10th of August, 1910, at an annual rental of $7,500. Defendants delivered possession of the lofts and of certain window space, but plaintiff claims that the amount of such window space is not as great as called for by the lease. This action was brought to compel defendants to specifically perform, by. giving the space claimed, and to recover damages for the withholding of the additional space. The court, after trial, granted judgment directing defendants to give one foot additional space, and awarding plaintiff six cents damages. The defendants appeal from the entire judgment, and plaintiff appeals from so much as limits his damages to six cents.

The lease described the window space to be rented as "front window space in the store on said premises on the westerly side thereof, six feet wide and of a depth equal to that of the window now occupied by the said party of the second part [plaintiff] at premises known as and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by the street number 52 West Fourteenth street, in the borough of Manhattan, city of New York," and provided:

"The said demised portion of the window shall be connected with the window of the parties of the first part [defendants] divided by a partition so that the demised window space shall have only a front view, but no side view."

At the time the lease was executed, the show windows of plaintiff's and defendants' stores were contiguous, and their glass fronts were in a continuous straight line parallel to and 3 feet 11½ inches north of their building lines. The windows were separated as far as the building line by the walls of the two buildings, each of which was 12 inches thick and stood entirely on its respective lot. Between the building line and the exterior of the glass fronts the two windows were separated by a metal partition 2 inches thick. In allotting the 6 feet of space called for by the lease, defendants measured from the division line between the two buildings and erected a new partition 6 feet from that line, in order to separate the space leased from the remainder of their window. This gave the plaintiff a show window 6 feet in width.

Plaintiff claims that the lease provided for a 6-foot strip of clear space, and for that reason it should have been measured from the inside face of defendants' wall. The controversy, therefore, involves a strip one foot wide, the thickness of the wall, and extending from the front of the show window to the rear of it. The trial court adopted the plaintiff's contention, and directed the defendants to give the plaintiff an additional foot, which gives him a show window, where the wall has been removed, 7 feet wide.

[1-3] I am of the opinion that the trial court erred in giving the additional foot. The 6-foot space which the defendants agreed in the lease to give to the plaintiff was from the dividing line between the buildings. This seems to follow, since the parties contemplated the substantial removal of the walls of the building separating the windows. Immediately following the execution of the lease, plaintiff, with defendants' consent, caused the iron partition and almost the entire walls between the windows and to the rear of the store to be removed, leaving only a small supporting pillar in the front and a slight portion of the wall in the rear. It does not appear but that plaintiff might have had the remaining parts of the wall removed, if he had desired to support the ceiling in another way. The space allotted for the show window after the lease was executed was at least 6 feet in width from the front to the wall of the building. If plaintiff's contention were correct, then a space of 7 feet should have been allotted, instead of 6. This the lease did not call for.

It is true that some two years after the making of the lease the city compelled the removal of a portion of the show window which projected along the building line into the street; but that has no bearing upon the question of what the parties actually intended when the lease was made. And even after the portion of the window had been cut off, the plaintiff still had—the wall of the building at this point having been removed—a show window 6 feet in width.

This view is confirmed by the actions of the parties themselves. The defendant Finkelstein testified, and his testimony is uncontra-

dicted, that when the parties first agreed upon the lease they measured the 6 feet of the show window by stretching the tape from the end of the partition 6 feet to the east, and made a mark on the wooden base of the window where the 6 feet were to end. Where the language used in a deed or lease is vague, indefinite, or obscure, then the declarations and acts of the parties, as well as all the attending circumstances, may be resorted to for the purpose of ascertaining the intent. Murdock v. Gould, 193 N. Y. 369, 86 N. E. 12; Sattler v. Hallock, 160 N. Y. 291, 54 N. E. 667, 46 L. R. A. 679, 73 Am. St. Rep. 686; Harris v. Oakley, 130 N. Y. 1, 28 N. E. 530.

When the whole lease is here considered, and especially when considered in connection with what the parties did prior and subsequent to its execution, I have no doubt that defendants have allotted all the space they intended to and all that plaintiff expected to receive.

[4-6] I am also of the opinion that there was evidence bearing upon the intent of the parties which the court erroneously excluded. Plaintiff's architect filed with the building department specifications showing the alterations to be made by plaintiff in connection with the windows, to the effect that the 6 feet were to be measured from the dividing line. The specifications were excluded on the ground that they were not binding on plaintiff, since they had been made by his architect. In filing the specifications the architect represented the plaintiff. His acts were, therefore, admissible in evidence. Plaintiff admitted that he gave the architect his instructions as to what was to be done. But this error did the defendants no harm, because it sufficiently appeared, without this evidence, what the parties intended by the language used in the lease. Plaintiff was to have a "front window space in the store on said premises * * * six feet wide and of a depth equal to that of the window now occupied by" him. This he now has, and for that reason the complaint should have been dismissed. That can now be done under section 1317 of the Code of Civil Procedure, and to that end a finding of fact is made to the effect that the defendants have duly performed all the terms of said lease in respect to the allotment of window space, and a conclusion of law that the defendants are entitled to judgment dismissing complaint, with costs.

The judgment appealed from, therefore, is reversed, and the complaint dismissed, with costs. All concur.