Per Curiam.

Whether the 1943 agreement limited plaintiff’s interest to 400 shares of the pledged stock and recognized defendant’s right to 300 of the remaining 400 shares upon liquidation of the obligation for which the 800 shares were pledged or whether 700 of the 800 shares pledged were to go to plaintiff when the debt was paid is not clearly stated. The instrument was prepared under the direction of Harold M. Lane, executive vice-president of Lerner Stores, after he had conferred separately with the plaintiff and with the defendant. The provision in the writing to the effect that “ with respect to the shares of stock to be returned to each of us separately upon the completion of the payment by each of us separately of his or her separate obligation under said agreement, as modified by this agreement ” is doubtful and uncertain.
*695 Lane’s testimony of conversations which he had with plaintiff: and with defendant prior to and at the time of the execution of the agreement was relevant and should not have been excluded by the trial court. Indeed, any evidence which reasonably might tend to explain the vague language employed in this agreement, in the circumstances of this case, was competent and admissible. For the purpose of removing any ambiguity in applying the terms of a contract it is permissible to show by declarations of the parties before or at the time of the execution of the contract what was meant by its terms. (Murdock v. Gould, 193 N. Y. 369, 375; Dobbins v. Pratt Chuck Co., 242 N. Y. 106, 113; Smith v. Finkelstein, 162 App. Div. 128.) The rule is well stated in Petrie v. Trustees of Hamilton College (158 N. Y. 458, 464) as follows: “ While the court is to construe the contract, if its construction depends upon the sense in which the words were used in view of the subject to which they relate, it is necessary by proof of collateral facts and surrounding circumstances to place the court in the position of the parties when they made the contract, so as to enable it to understand the meaning of the words used in reducing it to writing.”
Likewise, where words used in a written contract are susceptible of more than one interpretation, the courts will look at the surrounding circumstances existing when the contract was entered into, the situation of the parties and the subject matter of the instrument and parol evidence may be admissible to clear up any ambiguity in the language employed. Such oral evidence does not vary the terms of the written instrument. (O’Neil Supply Co. v. Petroleum Heat & Power Co., 280 N. Y. 50, 55 ; Fleischman v. Furgueson, 223 N. Y. 235, 239; Wilson v. Ford, 209 N. Y. 186,196.)
The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.
Peck, P. J., Glehhoh, Dore, Cohh and Yah Yoorhis, JJ., concur.
Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.