Israel B. Perlman, Plaintiff in Error, v. Adolph N. Perlman and Annie Perlman, Defendants in Error.

## Gen. No. 18,282.

1. CONTRACTS—*when one does not become a party by signing.* Where a husband signs a contract as agent for his wife and also alone, he cannot be held liable either severally or jointly when his name is not mentioned in the body of the contract and he does not agree to do anything or pay any amount.

2. APPEALS AND ERRORS—*when judgment not sustained by the record is affirmed.* Where plaintiff sues out a writ of error on a judgment in his favor, and alleges as error that it should have been for a larger amount, it will be affirmed though not sustained by the record where defendants do not complain and file no cross-errors.

Error to the Municipal Court of Chicago; the Hon. HENRY C. BEITLER, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913.

PERLMAN & ROSENBERG, for plaintiff in error.

FRIEDMAN & ADER, for defendants in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

This suit, as appears from the statement of claim was brought for $750 as liquidated damages, alleged to have accrued to the plaintiff by reason of the breach of a certain contract for the exchange of real estate, alleged to have been entered into between the plaintiff and the two defendants. There was a trial before the court without a jury, and a finding in favor of the plaintiff for $100. The case is brought to this court by the plaintiff for review, the error alleged being that the finding and judgment should have been for $750.

As shown by the affidavit of merits the defense is

based upon two propositions: First, that the defendants did not refuse to carry out the contract sued upon, but that by agreement it was abrogated and canceled; second, that there was no joint liability inasmuch as the defendant Adolph N. Perlman acted as agent for his wife, the other defendant, Annie Perlman. The contract introduced in evidence recites that it is made between Annie Perlman, as party of the first part, and Israel B. Perlman, as party of the second part. In the body of the contract the name of the defendant Adolph N. Perlman is not mentioned. The contract was signed "Annie Perlman, by A. N. Perlman," and beneath those names appears the signature "A. N. Perlman," to which a seal is affixed. The contract contains a provision as follows: "Upon failure of either party to carry out this agreement the party in default shall pay to the other the sum of $750 as liquidated damages, out of which sum, when recovered by either party, shall be paid the broker's commission."

In this state of the record we see no warrant for a joint judgment against the defendants or a several judgment against Adolph N. Perlman, in any amount. By the terms of the contract nothing was to be done by Adolph N. Perlman, and he did not agree to pay any amount as liquidated damages if the contract should not be carried out by his wife, Annie Perlman. This being so, it is unnecessary to consider the points discussed in the briefs, which relate solely to the question of fact as to whether or not the contract was annulled by the parties, and the legal question as to whether the contract is of such a character as that it might be abrogated or rescinded by a subsequent parol agreement.

As heretofore stated, the record does not sustain the judgment, but as the defendants are not complaining and have filed no cross-errors the judgment will be affirmed.

*Affirmed.*