New Amsterdam Casualty Company, Respondent, *v.* Mobinco Brokerage Company, Inc., Defendant, Impleaded with Robert S. Parsons and Others, Appellants.

Third Department, March 2, 1927.

**Pleadings — complaint — complaint will not be dismissed on motion for defect of parties or misjoinder of actions — contracts — action on contract between plaintiff and defendant company — individual defendants, officers of defendant corporation, signed contract but their names did not appear in body thereof — motion to dismiss on ground of insufficiency — allegations of complaint not necessarily to be taken as true where contract is attached and referred to — signature of individual defendants does not create inference that they were sureties for or joint promisors with one rather than other of original parties — whether or not parol testimony may be admissible to show that individual defendants are liable is difficult to determine on this motion — if alleged guaranty was original promise founded on consideration then individual defendants may be held liable — plaintiff not required to elect on motion to dismiss between theories of collateral and original promise — complaint states cause of action.**

Since a complaint will not be dismissed for defect of parties or because of improper joinder of causes of action, the first two grounds of defendants' motion to dismiss the complaint are not considered by the Appellate Division.

Defendants moved to dismiss the complaint on the ground of insufficiency. The complaint alleges a contract under seal executed by the plaintiff and the defendant corporation. The individual defendants who were officers of the corporation signed below the signature of the parties mentioned in the body of the contract and the word " individual " appears below each name and there is a seal opposite the name of one of the defendants and at the left margin opposite the name of that defendant appears the printed word " witness." The complaint alleges that the plaintiff entered into the contract at the request of the individual defendants and that they promised they would guarantee the due and faithful performance of the contract and be bound by its terms and that, by reason thereof, the plaintiff was induced to enter into the contract with the corporation defendant. The contention by plaintiff's counsel that on this motion all allegations in the complaint must be taken as true cannot be sustained in view of the fact that the contract was attached to the complaint as an exhibit and referred to as a part thereof. The rights of the parties under the contract must be determined by its terms without the aid of any conclusions in the complaint as to the legal effect.

The general rule is that the signatures of the individual defendants attached to the contract as stated do not create an inference that said defendants are sureties for or joint promisors with one rather than the other of the original parties, and that parol evidence may not be introduced to change an obviously complete contract to bring new parties within its obligation.

However, there is an exception to this rule to the effect that under certain circumstances a person signing a contract although not named therein as a party may become obligated thereon.

Whether or not parol evidence may or may not be admitted to show that the individual defendants were obligated under the contract is difficult to determine on a motion to dismiss, for the determination of that question will depend largely upon the course the case takes on the trial. If the plaintiff would not have entered into the contract unless the individual defendants signed as principals, then oral testimony may be competent to establish that fact.

On a motion to dismiss, the plaintiff is not required to elect whether he will proceed on the primary liability of defendants because of their agreement to be bound by its terms; or on the theory of an oral agreement of defendants to act as guarantors made on proper consideration.

Since the plaintiff may proceed on a theory that would authorize him to recover, the complaint cannot be held insufficient on the theory that the action is to recover on a guaranty void under section 31 of the Personal Property Law.

APPEAL by the defendants, Robert S. Parsons and others, from an order of the Supreme Court, made at the Broome Special Term and entered in the office of the clerk of the county of Broome on the 15th day of October, 1926, denying said defendants' motion to dismiss the complaint as to them.

*Robert S. Parsons,* for the appellants.

*Jenkins, Deyo & Hitchcock* [*C. H. Hitchcock* of counsel], for the respondent.

DAVIS, J. The individual defendants moved for judgment to dismiss the complaint on four grounds. The first two need not be considered. A complaint will not be dismissed for defect of parties (Rules Civ. Prac. rules 102, 106, 107; *Spaulding* v. *First National Bank,* 210 App. Div. 216; affd., 239 N. Y. 586) for other remedies are now furnished (Civ. Prac. Act, §§ 192, 193); nor because it is claimed causes of action have been improperly united. (Rules Civ. Prac. rule 102; Civ. Prac. Act, §§ 96, 209, 211, 212, 258.) The questions to be determined are whether the complaint states facts sufficient to constitute a cause of action against the appellants, and whether the contract set forth in the complaint is within the Statute of Frauds. In affirming we have thought it wise to state our views on some of the questions presented that confusion on the trial may be avoided.

The complaint alleges that on December 10, 1924, the plaintiff entered into a contract with the defendant brokerage company, and that the latter has failed and neglected to perform the contract

and has become indebted to plaintiff in the sum of $6,550.55; and that the company is insolvent and has failed to pay said sum. It is further alleged that the plaintiff entered into the contract at the request of the individual defendants; that in consideration of the covenants and agreements in the contract, these defendants promised they would guarantee to the plaintiff the due and faithful performance of the contract and the payment of any sums that might become due thereon; that they would execute said contract and be bound by its terms; and the plaintiff was thereupon induced to enter into the contract.

Plaintiff's counsel invokes the rule that on a motion of this kind all allegations in the complaint must be taken as true. He is partially in error in this contention, for the contract is attached to the complaint as an exhibit and referred to as a part thereof; and the rights of the parties thereunder must be determined by the terms of that instrument without the aid of such conclusions as the plaintiff has set up respecting its legal effect. (*Greeff* v. *Equitable Life Assur. Soc.,* 160 N. Y. 19, 29; *Rubin* v. *Siegel,* 188 App. Div. 636; *Queen* v. *Benesch,* 191 id. 83; *Burdick* v. *Fuller,* 199 id. 94.)

The contract was made on the printed form of plaintiff. It is one by which plaintiff appoints defendant corporation an agent, and defines and details the obligations and duties of the two parties. No other name is mentioned in it. It is executed by the two parties with their seals. The signature of plaintiff is attested, not only by an officer but by a witness. On lines below on the right-hand side of the sheet appear the signatures of the individual defendants with the word " individual " below each name, and with a seal opposite the name of the defendant Parsons. At the left margin opposite the signature of Parsons is the printed word " witness."

Plaintiff's counsel somewhat vaguely claims that these signatures bind the individual defendants to the terms of the contract. The general rule is that where the provisions of a contract relate to original parties named in it, imposing mutual and dependent obligations upon them, and no one else, and the signatures of other persons appear on it with no obvious relation to its terms, and nothing to indicate the capacity in which they are parties, these facts do not create the inference that they were sureties for or joint promisors with one rather than the other of the original parties, and they will not be regarded as bound thereby. Nor may parol evidence be given to change a contract obviously complete to bring new parties within its obligations. (*Blackmer* v. *Davis,* 128 Mass. 538; 13 C. J. 546.)

However, there exists in this State a well-recognized exception

to the general rule just stated, where under certain circumstances a person signing a contract or other written instrument, although not named therein as a party, may become obligated thereon. (*Thomas* v. *Gumaer*, 7 Wend. 43; *Standard Underground Cable Co.* v. *Stone*, 35 App. Div. 62; *Esselstyn* v. *McDonald*, 98 id. 197; *Feigenbaum* v. *Hizsnay*, 187 id. 126; *Electric Carriage C. & S. Co.* v. *Herman*, 67 Misc. 394.) It is difficult to determine on a motion to dismiss whether parol evidence may or may not be admissible. Much depends upon the course the case takes on the trial. It is possible that conditions were attached to the execution and delivery of this sealed instrument which all the parties understood made those signing liable to perform, although they were not mentioned in the body of the contract. (*Reynolds* v. *Robinson*, 110 N. Y. 654.) It appears that the individual defendants were officers of the defendant corporation and thereby interested in obtaining the contract, and would share in the profits of its successful operation. If plaintiff would not enter into it unless the individuals signed as principals, then oral testimony may be competent to establish that fact. (*Esselstyn* v. *McDonald, supra.*) The contract, being complete, its terms cannot be varied. (*Thomas* v. *Scutt*, 127 N. Y. 133; *Grannis* v. *Stevens*, 216 id. 583, 588.)

The defendants claim that they signed only as witnesses. We cannot consider it here. If the claim of intent has substance, they may establish the fact on the trial. (*Robert* v. *U. S. S. B. Emergency F. Corp.*, 240 N. Y. 474; Wigm. Ev. §§ 2411–2419.)

The appellants construe the complaint as stating a cause of action for guaranty; and urge that an oral promise to answer for the debt or default of another is void. (Pers. Prop. Law, § 31, subd. 2.) The word " guaranty " is used in the complaint. But on a motion to dismiss, the plaintiff is not required to elect on which of two theories stated in his complaint he will proceed, even though they be inconsistent. It is possible then that on the trial the plaintiff may contend that the action is to recover on an oral agreement made contemporaneously with that in writing by the individual defendants to act as guarantors and sureties; that the names appearing on the written contract, though not a sufficient writing to satisfy the statute (*Ward* v. *Hasbrouck*, 169 N. Y. 407), were to evidence such undertaking, although words indicating guaranty or suretyship were omitted; and that it was by reason of this independent contract that the plaintiff was induced to enter into the one in writing. This new agreement may be shown by parol evidence. (*Traders' Nat. Bank* v. *Laskin*, 238 N. Y. 535.) If this promise to answer for the debt of another was collateral, the plaintiff cannot recover. (*Mallory* v. *Gillett*, 21 N. Y. 412; *Richard-*

*son Press* v. *Albright*, 224 id. 497; *Edey* v. *Segar*, 192 App. Div. 578; *Caine* v. *McAndrews*, 199 N. Y. Supp. 79.) But if it was an original promise founded on consideration, then defendants may be held liable. (*Ward* v. *Hasbrouck, supra; R. & L. Co.* v. *Metz*, 165 App. Div. 533; affd., 215 N. Y. 695; *Voska, Foelsch & Sidlo, Inc.,* v. *Ruland,* 172 App. Div. 616.) Whether the new contract is collateral or original is a mixed question of law and fact. (*Maddock* v. *Root,* 72 Hun, 98; affd., 150 N. Y. 561; *Hunter* v. *Wetsell,* 84 id. 549; *Drake Hardware Co.* v. *Dewitt,* 142 App. Div. 189.)

The question of the Statute of Frauds is barely raised by the affidavit of one defendant. It contains little more than a denial of the liability stated in the complaint. But there were no opposing affidavits, and the question of the sufficiency of the motion papers is not raised, so we will deem them sufficient.

The theory upon which plaintiff is proceeding is not entirely clear; but we think there were sufficient allegations contained in the complaint so that we may say the plaintiff is not attempting to change the terms of a written sealed instrument by showing either prior negotiations or an intent different from that stated therein (*Lossing* v. *Cushman,* 195 N. Y. 386; *Allen* v. *City of Oneida,* 210 id. 496) or subsequent modification. (*Crowley* v. *Lewis,* 239 N. Y. 264; *Cammack* v. *Slattery & Bro., Inc.,* 241 id. 39.) If it can be established that the individual defendants became bound by the conditions attached to the execution and delivery of the contract, or that there was an original oral agreement of guaranty, the plaintiff would be entitled to recover.

The order should be affirmed, with ten dollars costs and disbursements.

VAN KIRK, Acting P. J., HINMAN, McCANN and WHITMYER, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.