MARY WITTNER, Appellant, v. BURR AVENUE DEVELOPMENT CORPORATION and Others, Respondents.

First Department, December 30, 1927.

Trusts — action to impress trust on real estate — defense that plaintiff is not real party in interest was sufficiently alleged — defense of Statute of Frauds is not good — defense that plaintiff entered into arrangement to defraud her husband's creditors is not good.

The complaint in this action to impress a trust in favor of the plaintiff as to a one-half interest in real property alleges that the plaintiff and one of the individual defendants purchased the property, each contributing one-half of the purchase price. The complaint also alleges that the title was taken in the name of said individual defendant, but in trust as to one-half for the plaintiff, and that thereafter the other individual defendant acting as plaintiff's attorney conspired with plaintiff's co-owner to defraud plaintiff and by false representations induced her to convey her one-half interest to the defendant corporation, which is a dummy organized by the individual defendants. It was necessary for the defendants in order to raise the defense that the plaintiff was not the real party in interest to affirmatively set it up and as pleaded it was sufficiently alleged.

The defense of the Statute of Frauds, however, is not available to the defendants, for on the basis of the allegations in the complaint it does not constitute a defense; the courts will not permit the Statute of Frauds to be used to perpetuate fraud.

The third defense is that the plaintiff cannot assert rights out of which she has been defrauded by the defendants, because she, herself, was, in the transaction, engaged in defrauding creditors of her husband. This defense is not available to the defendants, for the rule is that property conveyed in fraud of creditors can be recovered, despite the illegality, where it has been transferred to an attorney or adviser, as in the present case. One of the individual defendants was the attorney of the plaintiff and her legal adviser in the entire transaction, and the other individual defendant conspired with him to commit the fraud upon the plaintiff, and, therefore, both are equally chargeable with the fraud committed.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 11th day of May, 1927.

First Department, December, 1927.          [Vol. 222

*Abraham Wittner* of counsel [*Barnett E. Kopelman,* attorney], for the appellant.

*Samuel Meyers* of counsel [*Herman Scheckner* with him on the brief; *Morris & Samuel Meyers,* attorneys], for the respondents.

FINCH, J.   By this motion plaintiff sought to strike out the first, second and third affirmative defenses in the amended answers of the defendants Scheckner and of the defendant Burr Avenue Development Corporation, and the fourth separate defense and counterclaim of the defendant Burr Avenue Development Corporation.   The learned court at Special Term granted the motion as to the fourth separate defense and counterclaim in the answer of defendant Burr Avenue Development Corporation, from which there was no appeal, but denied the motion in all respects as to the first three defenses in both answers.

The plaintiff brought this action to impress a trust in her favor as to a one-half interest in two parcels of real estate.   The plaintiff alleges she bought these parcels with the defendant Morris Scheckner, each contributing one-half of the purchase price and Morris Scheckner taking title in his own name but in trust as to one-half for the plaintiff.   In this transaction plaintiff alleges the defendant Herman Scheckner acted as her attorney and adviser:   Plaintiff then alleges that Morris and Herman Scheckner, in breach of their fiduciary duties towards her, conspired to defraud her, and, by false representations, deprived her of her one-half interest and induced her to deed the same to the third defendant, the Burr Avenue Development Corporation, which was organized as a dummy corporation by the defendants Scheckner.   The answer of the defendants Scheckner contains denials of the material allegations of the complaint and three affirmative defenses: The first, that the plaintiff is not the real party in interest; the second, the Statute of Frauds; and third, that the transaction of the plaintiff with the defendant Morris Scheckner was illegal because incidental to a plan to conceal assets belonging to plaintiff's husband, one Hyman Wittner, and thus to defraud creditors of the husband.

The defense that the plaintiff was not the real party in interest was sufficiently alleged and must be affirmatively set up by the defendants to be available.   In *Smith* v. *Hall* (67 N. Y. 48, 50) it was said: " In the absence of any averment of title in a third person, with which the defendant connected himself, or of a plea that the plaintiff was not the real party in interest, the evidence was clearly inadmissible."   We agree with the learned court at Special Term that this defense should not be stricken out.

The defenses, however, of the Statute of Frauds and that the

plaintiff could not take advantage of this alleged fraud on the part of the defendants because she herself was engaged in defrauding creditors of her husband, do not constitute defenses to the cause of action set up by the plaintiff. Taking up now the defense of the Statute of Frauds, the plaintiff must succeed, if at all, according to the allegations making up the cause of action alleged in her complaint. It follows that the Statute of Frauds is no defense. The plaintiff has alleged a cause of action not only wherein she paid one-half of the consideration for the property, but what is more important in the consideration of this question, where the defendant received the property upon a trust as to one-half of the same for the benefit of the plaintiff. Whether the reason relied on in the particular authority is that the contract is sufficiently performed to take the same without the Statute of Frauds, or that the courts will not permit the Statute of Frauds to be used as a shield to defraud, certain it is that the courts will not permit either a legal or an equitable interest in property to be obtained by a defendant through fraud, and the recovery of this property by the person defrauded to be prevented by an assertion of the Statute of Frauds. As was said in *Sieman* v. *Austin* (33 Barb. 9, 21; affd., *sub nom. Siemon* v. *Schurck*, 29 N. Y. 598): " * * * But when a person who has received the title to lands purchased for the benefit of another, although without having declared the fact in writing, recognizes and fulfills the trust, it is not the duty of a court to deny its existence. * * * Whether the trustee executes or only admits the trust, he supplies the defects in the proof of the original equities, and establishes not merely that his title is, but that it always has been, subject to those equities."

In *Wood* v. *Rabe* (96 N. Y. 414) Judge ANDREWS, speaking for the court, said: " There are two principles upon which a court of equity acts in exercising its remedial jurisdiction, which taken together in our opinion entitle the plaintiff to maintain this action. One is that it will not permit the Statute of Frauds to be used as an instrument of fraud, and the other, that when a person through the influence of a confidential relation acquires title to property, or obtains an advantage which he cannot conscientiously retain, the court, to prevent the abuse of confidence, will grant relief." Such a state of facts, namely, where property is obtained through fraud and then the Statute of Frauds is pleaded as a shield, is not to be confused with the case where a person has obtained an oral promise to give him an interest in real property in the future As was said by Judge CARDOZO, now chief judge, in *Sinclair* v. *Purdy* (235 N. Y. 245, 253): " Distinctions are, indeed, to be drawn between cases where property is parted with on the faith of an oral promise,

and cases where one without an interest in property before obtains a promise that an interest will be given to him thereafter." It follows that the second defense is not a defense to the cause of action alleged in this complaint and must be stricken out.

Taking up now the third defense set up by these defendants, that the plaintiff may not assert rights out of which she has been defrauded by them because she herself has defrauded creditors of her husband, this defense is not available to these defendants. Except by mere conclusions, which may be disregarded, there is nothing to show in this third defense that to permit this plaintiff to recover the property out of which she alleges she was defrauded would be in any way preventing the creditors of her husband from applying the property in payment of their debts if in fact it should be so applied. On the contrary, not to do so would be preventing the creditors from asserting their rights, since if the plaintiff could not recover from the defendants, the creditors would not be in a position fully to assert their rights as against the plaintiff. From the earliest cases it has been established that property conveyed in fraud of creditors can be recovered, despite the illegality, where it has been transferred to an attorney or adviser, as in the case at bar. Herman Scheckner was the attorney of the plaintiff and her legal adviser in this entire transaction. It is alleged that Morris Scheckner and Herman Scheckner conspired together to commit this fraud upon the plaintiff, and, therefore, both are equally chargeable with the fraud. In *Ford* v. *Harrington* (16 N. Y. 285) plaintiff conveyed an interest in property to her attorney, to conceal the same from her creditors. When she sought a reconveyance the attorney set up the illegality of the transaction. A recovery was allowed, the court saying: " I think this is a case where, on account of the relations existing between the parties and the circumstances under which the contract was assigned, the court was called upon to interfere and compel the attorney to restore what he had acquired under the assignment, on being repaid what he had disbursed, although the object of the assignment was to perpetrate a fraud. The parties, although *in delicto*, did not stand *in pari delicto*. In the transaction, Conway was a mere instrument in the hands of the defendant. If an attorney will so far forget or willfully disregard his duty to the courts, whose license to practice he holds; to his clients, who, in consequence of such license, are induced to seek and act upon his counsel, and to the public, as, for the purpose of gain and profit to himself, to induce by his advice the commission of fraud by those who thus confide in him, he at least should be compelled to restore to his victim the fruits of his iniquity. It would be a reproach to our judicial tribunals should

they allow their officers, those appointed by them as their assistants in the administering of justice and equity, thus to acquire property by a prostitution of the trust so confided to them, and then to interpose the fraud, committed pursuant to their advice as such officers, as a shield to protect them in the possession and enjoyment of that property."

The order appealed from should be modified so as to grant the motion as to the second and third defenses in the amended answers, and as so modified affirmed, without costs.

DOWLING, P. J., MERRELL, McAVOY and PROSKAUER, JJ., concur.

Order, so far as appealed from, modified so as to grant the motion as to the second and third defenses in the amended answers, and as so modified affirmed, without costs.