ABRAM SCHONBERGER, an Infant, by HARRY S. BODIN, His Guardian ad Litem, Respondent, *v.* HARRY CULBERTSON and Another, Copartners, Doing Business under the Firm Name and Style of HARRY AND ARTHUR CULBERTSON OF NEW YORK, Appellants.

First Department, January 9, 1931.

*William J. Carey*, for the appellants.

*Harry S. Bodin* of counsel [*Caruthers Ewing*, attorney], for the respondent.

SHERMAN, J. Plaintiff moved to strike out as insufficient two separate defenses in defendants' answer.

The action was brought by the infant plaintiff to recover the sum of $1,685 alleged to have been paid to defendants pursuant to the terms of a written contract, which provided that the plaintiff, a violinist, was to give recitals under the exclusive management of the defendants.

The first separate defense alleges that the contract was made between the defendants, as parties of the first part, and the infant plaintiff and his father, as the parties of the second part, and that the father signed the contract with the intention of becoming bound thereby and that the payments made thereunder were made by the father and not by the infant plaintiff.

The copy of the contract, annexed to the complaint as an exhibit does not contain the signature of the father but the complaint alleges that " the father of the infant plaintiff signed " the contract.

The general rule is that the rights of the parties to a contract should be determined by its terms, and that where a signature of another person appears on an instrument the text of which contains nothing to indicate that he is a party, it will not be regarded as binding on him. However, there is an exception to that rule, and under certain circumstances a person signing such a contract may become bound thereby. " It is difficult to determine on a motion to dismiss whether parol evidence may or may not be admissible." (*New Amsterdam Casualty Co.* v. *Mobinco Brokerage Co., Inc.*, 219 App. Div. 486, 489.)

If defendants would not enter into the contract unless the infant plaintiff's father signed as principal, then oral testimony may be admitted to establish that fact. (*Esselstyn* v. *McDonald*, 98 App. Div. 197; *Feigenbaum* v. *Hizsnay*, 187 id. 126, 131.) Moreover, the father was entitled to the infant plaintiff's earnings and liable

for his support. The existence of that relationship fortifies the possibility that the moneys paid came from the father and that he signed as a party. On the other hand, if the infant's father signed not as a party but only as a witness, that fact may be established at trial. Accordingly, the first defense cannot be disposed of in advance of trial.

The second defense adequately pleads facts designed to show that plaintiff is not the real party in interest. (*Wittner* v. *Burr Avenue Development Corporation*, 222 App. Div. 285, 286.)

The order appealed from should be reversed, with ten dollars costs and disbursements to the appellants, and the motion denied, with ten dollars costs.

DOWLING, P. J., MERRELL, FINCH and McAVOY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.