## 22053. STRANGE *v.* McCALL.

STEPHENS, J. 1. Where the signature of a person appears upon a contract, and, from the location of the signature and its nature and the nature of the recitals in the contract, it can not be determined, without a resort to extrinsic evidence, that the person affixing the signature did so with the intention of becoming a party to the contract, the contract, in the absence of such extrinsic evidence, will not be construed as a contract executed by the person whose signature thus appears affixed thereto. Where a replevy bond executed by the defendant in attachment recites that it is executed by the defendant as principal and by a named person as "security," and the bond is executed by both the principal and the named "security," and is attested and approved by the levying officer, and where in addition there appears the signature of another person described as an "N. P. & J. P.," which signature does not appear in immediate connection with the signatures of the principal and the surety recited in the bond, but appears upon a line below all the signatures, including those of the principal and surety and also the levying officer, it does not appear from the manner of the execution of the paper, in the absence of extrinsic evidence, that the signature in question is that of a surety.

2. Where, after the rendition of a judgment against the defendant in attachment, an appeal was taken to the superior court by the defendant in attachment, with the surety on the replevy bond and the person who executed the questionable signature on the replevy bond as sureties on the appeal bond, upon the hearing of a motion to dismiss the appeal upon the ground that the defendant in attachment, in executing the appeal bond, failed to give security additional to that which had been given upon the replevy bond, the testimony of the officer who levied the attachment, which was offered in evidence and excluded, that he refused to accept the replevy bond as originally executed by the principal and the surety named in the bond, that the defendant in attachment thereupon obtained the questioned signature to the bond, and that the party whose signature is questioned "did not sign the bond as a witness, but did sign the bond as a security," was properly excluded, because it did not appear that the witness was present when the questioned signature was attached to the bond, or knew of his own knowledge that the person whose signature was questioned signed and executed the bond as a surety for the principal named therein. Such testimony is merely a conclusion of the witness that the person referred to executed the bond as a surety, and has no probative value as establishing the questioned signature as that of a person who, in making it, did so as a surety.

3. The court did not err in overruling the motion to dismiss the appeal.

*Judgment affirmed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 21, 1932.

*Julius Rink,* for plaintiff. *F. M. Gleason,* for defendant.