NUTRENA MILLS, INC., Appellant, v. EARLE, Respondent.

*October 3—October 31, 1961.*

For the appellant there was a brief by *Godfrey, Godfrey & Neshek* of Elkhorn, and oral argument by *Milton E. Neshek*.

For the respondent there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf*.

MARTIN, C. J. The question is whether a person who signs a contract, but is not named in the body of it, is a party to the contract and bound by its terms.

In 17 C. J. S., Contracts, p. 803, sec. 346, it is stated:

"The signatures cannot alone be looked to for the purpose of determining who are the parties to a written contract; . . . while persons have been held liable as parties to the contract where they have signed their names thereto, although they are not elsewhere mentioned in it, in order that such a construction may be adopted it is necessary that the intention be apparent from the contract after the application of the accepted rules of construction. Also, it has been held or recognized that, where a third person merely annexes his name to a contract which in the body thereof does not mention him, and which is in itself a complete contract between other parties who sign it and are mentioned in it, such third person does not thereby become a party to the efficient and operative parts of the contract. Where a contract contains mutual and dependent stipulations between the original parties named in it, the fact that a third person signs it will not create an inference that he was a surety for, or joint promisor with, one rather than the other of the original parties, and he will not be regarded as bound thereby."

Likewise, in 12 Am. Jur., Contracts, p. 552, sec. 61, it is stated:

"If a contract states distinctly that it is between two designated parties, the fact that another person's name appears at the end of the contract with that of the parties does not make it his contract."

See also 1 Page, Contracts (2d ed.), p. 105, sec. 79.

There is no question but that the contracts are complete contracts between the parties named therein, Nutrena and Roger Earle.

Under the rule stated in C. J. S., therefore, in order to hold the respondent liable it is necessary to apply the accepted rules of construction to determine whether that inten-

tion is apparent from the contracts themselves. Since respondent is not mentioned in the contracts and they are stated to be "by and between" Nutrena and Roger Earle as "Grower," she is impliedly excluded from the class of "grower."

It is true that effect should be given to the entire contracts, including the signatures. Although the printed word "Grower" preceding the signature of Roger C. Earle is in the singular, there are two signature blanks following "Grower" and par. 15 clearly contemplates a situation where there is more than one grower. The inference that respondent signed as a grower, however, is inconsistent with the introductory part of the contracts which impliedly excludes her as a grower.

In our opinion, the trial court placed upon the contracts the only construction which would give effect to all their parts without reaching an inconsistency, that is, that Althea Taylor Earle signed as a witness but placed her signature on the wrong side of the page. Not only is this the more-compelling inference, but it is clearly favored under the rule that contracts should be construed against the party who drew them, which in this case was Nutrena.

While there are no Wisconsin authorities stating the general rule quoted above, it has been applied in other jurisdictions. See *Brown v. O'Byrne* (1907), 153 Ala. 621, 45 So. 129; *Shriner v. Craft* (1909), 166 Ala. 146, 51 So. 884; *Perlman v. Perlman* (1913), 178 Ill. App. 382; *Strange v. McCall* (1932), 45 Ga. App. 718, 166 S. E. 33; *Sun Oil Co. v. Oswell* (1953), 258 Ala. 326, 62 So. (2d) 783. The reasoning of these cases is that when the body of a contract purports to set out the names of the parties to the contract, and a person not named therein signs the contract, and there is nothing to indicate that such person signed as a party, such person is not bound. Parol evidence will not be admitted to show that such person intended to become

a party by signing because the contract is complete and unambiguous on its face and cannot be varied by parol.

There is nothing in these contracts to indicate that respondent intended to sign as a "grower" and it would be mere speculation to draw such an inference from the position of her signature alone. There are no allegations in the complaint regarding circumstances surrounding the execution which would present an ambiguity as to who the intended parties were to be. Nor is there anything in the nature of the contracts to present such an ambiguity. They appear to provide sufficient security for Nutrena and there is nothing to suggest that Nutrena would not have entered into the agreements unless respondent were a party to them.

*By the Court.*—Order affirmed. Appellant to have twenty days in which to plead over, if it so desires.

HALLOWS, J. (*concurring*). I concur in the result reached in the majority opinion but on the reasoning stated in the dissenting opinion. It seems to me there is a patent ambiguity in the contract and the complaint does not state a cause of action even under the liberal rules of pleading.

CURRIE, J. (*dissenting*). I respectfully dissent from the court's opinion herein.

Both contracts were executed on printed forms. These forms provided for two signature lines opposite the designation "Grower." Roger C. Earle's signature was subscribed on one of these signature lines and that of defendant Althea Taylor Earle was subscribed on the other on both contracts. Thus, we have a situation where, although defendant's name is not listed in the body of the instrument as a contracting grower, nevertheless her signature purports to have been made in that capacity.

Therefore, a patent ambiguity clearly exists with respect to whether defendant is bound by the contract as a contract-

ing party. This being the case, parol evidence is necessary to resolve this ambiguity. The complaint expressly alleges that both Roger C. Earle and Althea Taylor Earle "executed and entered into" these two contracts. Under the liberal interpretation of pleadings rule followed by this court, this allegation is to be interpreted as alleging that both Roger and Althea were contracting parties. Under the ambiguity existing in the contracts, true copies of which also constitute part of the complaint, together with such allegation, the complaint should be construed to spell out a cause of action against defendant.

The majority opinion cites no past decision of this court which requires that we reach the opposite result and hold that the complaint is insufficient. I see no reason to reach out and apply the formalistic rule, that some other courts have applied, to the effect that any ambiguity as to the capacity in which a person signs a contract must be resolved from the instrument itself.

Upon referring to each of the cases cited by footnote in 17 C. J. S., Contracts, p. 803, sec. 346, and 12 Am. Jur., Contracts, p. 552, sec. 61, to support the quotations therefrom contained in the instant majority opinion, we find no case in which it affirmatively appears that the party sought to be held under the contract had signed on a line expressly designated for the signature of a party rather than a witness. In such of these cases in which the place of the signature of the party sought to be charged is shown, it appears that the place of such signature was not expressly indicated as being for the signature of a party. This factual difference which exists between those cited cases and the instant one is sufficient to render the rule set forth in C. J. S. and Am. Jur. inapplicable to this case.

The conclusion of the majority, that defendant signed as a witness and not a party, seems patently unrealistic in view of the fact that she signed on a line designated for the

signature of a party, and not on one of the two lines expressly indicated for the signatures of witnesses.

The approach of the New York appellate division would seem to be much more desirable. That court, in *Schonberger v. Culbertson* (1931), 231 App. Div. 257, 258, 247 N. Y. Supp. 180, 181, stated:

"The general rule is that the rights of the parties to a contract should be determined by its terms, and that where a signature of another person appears on an instrument the text of which contains nothing to indicate that he is a party, it will not be regarded as binding on him. However, there is an exception to that rule, and under certain circumstances a person signing such a contract may become bound thereby. 'It is difficult to determine on a motion to dismiss whether parol evidence may or may not be admissible.' (*New Amsterdam Casualty Co. v. Mobinco Brokerage Co., Inc.,* 219 App. Div. 486, 489.)

"If defendants would not enter into the contract unless the infant plaintiff's father signed as principal, then oral testimony may be admitted to establish that fact."

The majority opinion and mandate intimate a different result might be reached if the complaint had specifically alleged facts to show that defendant intended to be bound as a party by subscribing the contracts as "Grower," and that plaintiff entered into the contract with this understanding. For reasons already stated, I submit that the complaint ought to be held sufficient as it now stands.

I am authorized to state that Mr. Justice FAIRCHILD joins in this dissent.