■ DAMION SCHELLER, Respondent, v BOWERY SAVINGS BANK, Defendant, and HOWARD ADELGLASS et al., Appellants. [630

NYS2d 62] —Order and judgment (one paper), Supreme Court, New York County (Diane Lebedeff, J.), entered February 17, 1994, which granted partial summary judgment to plaintiff against defendant Susan Lichtenstein on the fourth cause of action in the total amount of $8,881.17, and which adjudged that plaintiff have judgment against defendants Howard Adelglass and Susan Lichtenstein in connection with a stipulation of settlement of $24,418.76, but which directed that prejudgment interest be awarded from the commencement of the action, unanimously modified, on the law and on the facts and in the exercise of discretion, to delete the award of prejudgment interest for the award of $24,418.76, and, except as thus modified, affirmed, without costs or disbursements.

Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered February 17, 1994, which awarded plaintiff $146,444 plus costs, disbursements and interest totalling $261,609, unanimously affirmed, without costs or disbursements.

This action originally sounding in various contract and tort theories, but converted by the court, without objection of the parties, into an action for breach of contract, was commenced by a son, a former child actor, and sought recovery of his earnings from his mother, who held his earnings informally in trust. The theory pursued by plaintiff at trial, submitted to the jury and upon which the verdict was rendered was that plaintiff reluctantly continued his employment during his minority years in exchange for his mother's promise to hold onto his earnings and relinquish them when he reached his majority so that they could be used to pay his college tuition and other expenses. When the time came, the funds had been depleted.

Although the rule in New York is that a parent or guardian has a legal right to possession of funds belonging to an infant charge (*Schonberger v Culbertson*, 231 App Div 257, 258-259; *see*, Arts and Cultural Affairs Law § 35.03 [3] [b]), the parties may, of course, vary the rule by private arrangements. On appeal, the mother urges that the statute of frauds (General Obligations Law § 5-701 [a] [1]) would render unenforceable an oral contract such as this which purportedly could not be performed within one year. However, since this defense was not raised either in the answer or at any appropriate time during the proceedings before the IAS Court, it has been waived for appeal (*Fiske v Fiske*, 95 AD2d 929, 931, *affd* 62 NY2d 828) and we find no reason to consider it. We also reject the mother's reliance on the requirement of a work permit for a child

performer as set forth in Arts and Cultural Affairs Law § 35.01. There is nothing to suggest that compliance with the work permit requirement was intended to be a condition to the commencement of an action by the child in pursuit of his legal rights.

The award of pre-judgment interest for plaintiff's recovery, by settlement, of his claim to an equitable interest in the Newport, Rhode Island, condominium was improvident. Since plaintiff sought reconveyance and thus this aspect of the action was equitable in nature, the award of pre-judgment interest, as plaintiff concedes, was discretionary. (*See*, CPLR 5001 [a].) The record, which contains the non-party grandmother's affidavit, supported by the affirmation of her legal trust advisor, as well as the deed and the trust agreement, shows that plaintiff was never intended to be anything other than a nominal beneficiary of the trust in which the property temporarily was placed. At his grandmother's direction, plaintiff, seventeen years old at the time, re-conveyed the property, which had been purchased and placed in trust by his grandmother at a time when the mother was undergoing a divorce, to his mother and Howard Adelglass. Although plaintiff never controverted his notarized signature on the deed which accomplished the reconveyance, he eventually disaffirmed the transaction on the basis of his age. Plaintiff does not controvert these documents on appeal, and the settlement eventually provided him with only a portion of the condominium's net worth. Under these circumstances, pre-judgment interest, as to this part of the judgment, should not have been awarded.

We have considered defendants' remaining contentions and find them to be without merit. Concur—Murphy, P. J., Sullivan, Rubin, Kupferman and Ross, JJ.