■ JOHN F. TUFANO, Respondent, v JONATHAN MORRIS et al., Appellants. [728 NYS2d 835] —Mugglin, J. Appeal from an order of the Supreme Court (Canfield, J.), entered June 5, 2000 in Rensselaer County, which, *inter alia,* partially granted plaintiff's motion for summary judgment.

In February 1999, plaintiff entered into a building improvement contract with defendant Jonathan Morris whereby plaintiff agreed to make specified alterations and renovations to his commercial building—at Morris' expense—so that Morris and defendant Nanette La Rose (Morris' wife) could use the premises as a dental office. Simultaneously, plaintiff and defendants entered into a 10-year lease of the premises to com-

mence on the first day of the month following completion of the installation of the necessary dental equipment by defendants, but no later than 14 days after completion of plaintiff's renovations under the building improvement contract. Morris paid the initial installment of $15,000 and plaintiff started renovations of the building.

According to Morris, he telephoned plaintiff in early April 1999 and, as a result of marital difficulties, requested plaintiff to put the project on hold. When it became evident to Morris that he could not overcome his marital difficulties, he contacted plaintiff in late April or early May 1999 and indicated that he would have to cancel the project. According to Morris, plaintiff agreed to cancel the lease, but requested $10,000 to restore the premises to its original condition. Morris further claims that he considered the $10,000 figure to be too high, but that he agreed to pay a fair price for this work. In late April 1999, plaintiff advertised the premises for rent as a dental office and, in July 1999, commenced this action seeking damages for the alleged breach of both the building improvement contract (first cause of action) and the lease agreement (second cause of action).

Following joinder of issue, plaintiff, *inter alia*, moved for summary judgment on both causes of action asserted in his complaint and defendants, *inter alia*, cross-moved for partial summary judgment dismissing the second cause of action. Supreme Court denied plaintiff's motion for summary judgment on the first cause of action finding that defendants raised a triable issue of fact regarding the completion of that agreement. The court, however, granted plaintiff's motion for summary judgment on the second cause of action, concluding that the lease term began on May 1, 1999, the lease had not been canceled and plaintiff had not discharged defendants from liability on the lease. Defendants now appeal.

We first address Supreme Court's denial of plaintiff's motion for summary judgment on the first cause of action as it is relevant to our determination with respect to the second cause of action. In this regard, we observe that Supreme Court's decision is somewhat confusing since, after finding issues of fact which would prevent summary judgment, Supreme Court seemed to regard the issue as one of damages only by holding "that [plaintiff] is entitled to collect the damages he has suffered as a result of Morris' breach." This language is, of course, consistent with granting summary judgment on the issue of liability and not on the issue of damages. In our view, summary judgment was properly denied on the first cause of action

because plaintiff failed to submit sufficient, competent, admissible evidence of his entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). In both the complaint and in his affidavit in support of his motion for summary judgment, plaintiff alleged that he had completed the construction contract. In his affidavit in response to defendants' cross motion for summary judgment, plaintiff "correct[s]" his prior statements by, in essence, admitting that his prior allegations were not in fact truthful. Thus, we hold that the burden never shifted to defendants to lay bare their evidence and demonstrate triable issues of fact with respect to the first cause of action.

For the same reason, summary judgment should not have been granted to plaintiff on his second cause of action since, given plaintiff's ultimate admission that the renovations were incomplete, a genuine issue of fact concerning the commencement date for the lease term remained unresolved. Despite the burden not having shifted, Morris' affidavit establishes issues of fact (1) by asserting that plaintiff "was very understanding" and told him "not to be concerned about the project," (2) by alleging that he told plaintiff that $10,000 seemed a bit excessive for restoring the premises to the original condition but that he agreed to pay plaintiff "a fair price" and plaintiff agreed "to provide [defendant] with an itemization," and (3) most significantly, by averring that plaintiff told him that he "would not be responsible for leasing the [p]remises." Moreover, Morris averred that plaintiff "indicated that I did not have any obligation under the lease during our discussion on the telephone when I agreed to pay him a fair price to restore the space to its original condition." Viewing this evidence in the light most favorable to defendants as the nonmoving parties (*see, Redcross v Aetna Cas. & Sur. Co.*, 260 AD2d 908, 914), defendants "establish[ed] the existence of a triable issue of fact" (*Toomey v Adirondack Surgical Assocs.*, 280 AD2d 754, 755).

We further conclude that plaintiff's reliance upon General Obligations Law § 15-501 is inappropriate because he did not rely on this statute before Supreme Court and, therefore, this argument is not preserved for purposes of appellate review (*see, Scheller v Bowery Sav. Bank*, 217 AD2d 506, 507). Moreover, it is not possible at this juncture to determine whether the parties intended the cancellation to operate as an accord and satisfaction or a substitute agreement because there is a genuine dispute of fact regarding whether the parties agreed to cancel the contracts in the first place. We also find unavail-

ing plaintiff's argument that General Obligations Law § 5-1103 compels granting summary judgment to him. That statute requires a writing to modify or discharge a lease in the "absence of consideration" (General Obligations Law § 5-1103). Morris' allegations, if true, establish adequate consideration for the cancellation of the lease—his promise to pay the costs of returning the building to its original condition in exchange for plaintiff's promise to rescind the original agreement.

Nor do we find availing plaintiff's argument that summary judgment on the second cause of action in his favor was appropriate because the price term of the purported cancellation agreement was not "reasonably certain." "It is well settled that the price to be paid under a contract is a material term * * * and '[i]f an agreement is not reasonably certain in its material terms, there can be no legally enforceable contract' " (*Village of Lansing v Triphammer Dev. Co.*, 193 AD2d 919, 920, quoting *Cobble Hill Nursing Home v Henry & Warren Corp.*, 74 NY2d 475, 482, *cert denied* 498 US 816 [citation omitted]). A price term, however, "may be sufficiently definite if the amount can be determined objectively without the need for new expressions by the parties" (*Cobble Hill Nursing Home v Henry & Warren Corp.*, *supra*, at 483). Here, the price term is "reasonably certain" (*id.*, at 482) because Morris allegedly agreed to pay "a fair price" to restore the building to its original condition—i.e., the "costs actually incurred [by plaintiff] in performing the work"—once he was provided with an itemized list of restoration-related costs (*see generally*, *Village of Lansing v Triphammer Dev. Co.*, *supra*, at 921).

Since issues of fact exist, we find it unnecessary to address whether defendants surrendered the leased premises to plaintiff and whether summary judgment should have been awarded before discovery occurred.

Crew III, J. P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion for summary judgment on his second cause of action; motion denied to that extent; and, as so modified, affirmed.