Order, Supreme Court, New York County (Bernard J. Fried, J.), entered February 23, 2012, which, insofar as appealed from as limited by the briefs, granted plaintiffs motion for summary judgment dismissing defendant Steven Salsberg’s counterclaim, denied defendants’ cross motions for summary judgment dismissing the complaint, and denied defendant Nick Camaj’s cross motion for summary judgment dismissing Salsberg’s cross claim, unanimously modified, on the law, without costs, plaintiff’s motion denied, defendant Camaj’s cross motion granted, and otherwise affirmed, without costs.
In this dispute between plaintiff landlord and defendants, the principals of a corporation that was landlord’s former tenant, the lease guaranty does not violate the statute of frauds (General Obligations Law § 5-701 [a] [2]); it is in writing and signed by both defendants. Where, as here, there is a written and signed, but ambiguous, guaranty, parol evidence is admissible to clarify it (see e.g. Sound Distrib. Corp. v Richmond, 213 AD2d 178, 179 [1st Dept 1995], lv denied 86 NY2d 702 [1995]; Korff v Corbett, 18 AD3d 248, 251 [1st Dept 2005]).
The lease to which the guaranty refers says that defendant Salsberg is the guarantor. The guaranty consistently states that Salsberg is the guarantor. Although it also refers to tenant as the guarantor and it is signed by both defendants, when reading the guaranty and the lease together, Salsberg is certainly not entitled to summary judgment (see e.g. White Rose Food v Saleh, 99 NY2d 589, 591 [2003]).
Defendant Camaj is also not entitled to summary judgment. *433 Evidence that plaintiffs agent insisted that he sign the guaranty because he was a principal of the tenant raises an issue of fact as to whether Camaj was meant to be a guarantor (see Schonberger v Culbertson, 231 App Div 257, 258-259 [1st Dept 1931]). Camaj’s argument that the guaranty is not binding on him because he signed it by mistake and the parties did not intend for him to be bound is unavailing. His signature on the guaranty is evidence of his intent to be bound by its terms (People v Inserra, 4 NY3d 30, 33 [2004]) and he does not allege fraud or wrongdoing by plaintiff (Da Silva v Musso, 53 NY2d 543, 550 [1981]).
Salsberg’s cross claim alleging that if the guaranty is enforceable against him, he is entitled to contribution from Camaj, should be dismissed. Salsberg did not oppose dismissal of the cross claim either before the motion court or on appeal.
Salsberg’s counterclaim is not barred by res judicata. In the prior action for non-payment of rent commenced by landlord, the court expressly reserved defendant’s right to maintain the instant action (1626 Second Ave., LLC v Notte Rest. Corp., 27 Misc 3d 138[A], 2010 NY Slip Op 5091Q[XJ] [App Term, 1st Dept 2010]; see Parker v Blauvelt Volunteer Fire Co., 93 NY2d 343, 349 [1999]). Nor is the counterclaim barred by collateral estoppel. Whether plaintiff violated the lease by failing to provide a letter of no objection in a timely manner was neither necessarily decided nor material in the prior proceeding (id.).
Concur— Friedman, J.E, Sweeny, Renwick, Richter and Román, JJ.